**EXHIBIT 1**

# EXHIBIT 1

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELIZABETH VALDEZ,

                     Plaintiff,

     - against -

GO BROOME LLC, GOTHAM REAL ESTATE
MANAGERS, LLC, CITY OF NEW YORK, and
DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT OF
THE CITY OF NEW YORK,

                     Defendants

25cv960 (KPF)(KHP)

**STIPULATION OF SETTLEMENT
AND DISMISSAL**

---

        This Stipulation of Settlement and Dismissal ("Stipulation") is entered into by and between the parties Plaintiff ELIZABETH VALDEZ, and Defendants GO BROOME LLC, GOTHAM REAL ESTATE MANAGERS, LLC, (collectively the "Owner Defendants"), and Defednants the CITY OF NEW YORK, and the DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK (collectively the "City Defendants") (and Owner Defendants and City Defendants collectively "Defendants");

        **WHEREAS,** Plaintiff filed this action against Defendants on February 3, 2025 alleging housing discrimination in violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, New York Executive Law § 296 *et seq.,* and New York City Human Rights Law § 8-107, *et seq* in relation to her application for an affordable ADA-compliant apartment at 55 Suffolk Street, New York, NY ("subject property") pursuant to which Plaintiff sought declaratory and injunctive relief, damages, attorneys' fees, and costs;

        **WHEREAS,** none of the Parties is an infant or incompetent person;

        **WHEREAS,** without admitting any wrongdoing or liability, Plaintiff and Defendants have agreed to a settlement of this action to avoid further expense, time, and effort in regard to this action;

        **WHEREAS,** Defendants maintain they have complied with and will continue to comply with the Fair Housing Act, 42 U.S.C. § 3601 *et seq.;* the New York State Human Rights Law, New York Executive Law § 296 *et seq.;* and the New York City Human Rights Law, New York Administrative Code § 8-107 *et seq.;*

        **WHEREAS,** Plaintiff and Defendants desire to voluntarily resolve the claims asserted in this lawsuit, and agree that the terms of this Stipulation, as a compromise to avoid protracted expenses and litigation, reflect a full and fair resolution of the disputes between the parties; and

1

**WHEREAS**, Plaintiff and Defendants respectfully request that the Court so-order this Stipulation, and retain jurisdiction to enforce the terms of their settlement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties that all claims will be settled, released, and dismissed with prejudice in accordance with the terms of this Stipulation, as follows:

**SECTION I**
**DEFINITIONS**

1.       As used in this Stipulation, the following terms will have the following meaning:

    a.   "Action" means <u>Valdez v. Go Broome LLC, et al.,</u> 25cv960 (KPF)(KHP), pending in the United States District Court for the Southern District of New York.

    b.   "Complaint" means the Complaint that Plaintiff filed in this Action on February 3, 2025, ECF No. 1.

    c.   "HPD" means New York City Department of Housing Preservation and Development.

    d.   "Effective Date" means the date this Stipulation is so-ordered by the Court.

    e.   "New York City Housing Lottery" or "Housing Lottery" means the affordable housing units offered for lease or for sale subject to the HPD-HDC Marketing Handbook ("Marketing Handbook") (marketing-handbook.pdf) and monitored by HPD.

**SECTION II**
**TERM AND SCOPE OF STIPULATION**

2.       All obligations under this Stipulation, unless otherwise specified, will commence on the Effective Date, and shall remain in effect for a period of three (3) years from the Effective Date.

3.       The terms and obligations of this Stipulation shall only be applicable to HPD in its monitoring capacity of the New York City Housing Lottery and shall not apply to HPD's or the City's involvement or monitoring in housing programs other than the New York City Housing Lottery.

**SECTION III**
**JURISDICTION**

4.       The United States District Court for the Southern District of New York will retain jurisdiction to enforce the terms of this Stipulation upon the filing of an appropriate motion by any of the Parties. The parties to this Stipulation will endeavor in good faith to informally resolve any

differences regarding compliance and interpretation of this Stipulation. If a Party believes that another Party is in noncompliance with this Stipulation, the Party will give the alleged noncomplying Party written notice via email of any instance of alleged noncompliance with this Stipulation and provide the Party with an opportunity to cure any alleged noncompliance.  The Parties agree to meet and confer within 30 days of the written notice to discuss a reasonable resolution of the allegation(s) of noncompliance and a timetable to implement the reasonable resolution. Only if the Parties are unable to reach a resolution, may the aggrieved Party file a motion with the Court to enforce this Stipulation. Any motion to enforce this Stipulation shall be made no later than thirty (30) days from the last date which the Parties met and conferred in an attempt to resolve the alleged noncompliance.

## SECTION IV
## GENERAL STIPULATION PROVISIONS

5.      The Parties acknowledge that each party has reviewed and revised this Stipulation and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation.

6.      This Stipulation constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all Stipulations or communications, whether written or oral, previously made in connection with the matter herein. Any Stipulation to amend or modify the terms and conditions of this Stipulation must be in writing and executed by the Parties hereto.

7.      This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successor and/or assigns.  The Parties shall perform their obligations under the Stipulation in good faith.

8.      The Parties acknowledge they have full legal capacity to enter into this Stipulation, been afforded an opportunity to consider the terms and conditions of this Stipulation, that they have read and understand the terms and conditions herein, and that they have been provided with the opportunity to consult with their respective counsel prior to their execution of the Stipulation, and that they have executed the Stipulation voluntarily, knowingly, and without duress, coercion or undue influence.

9.      The Parties agree that this Settlement Stipulation is being consummated in New York and that performance by Defendants will be in New York County, New York.  This Settlement Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

10.      Defendants stipulate and represent that they have the power and authority to execute and deliver this Settlement Stipulation and to perform its obligations hereunder.  Plaintiff represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of or encumbered any of the claims, demands, obligations or causes of action referred to in this Stipulation.

## SECTION V
## FAIR HOUSING POLICIES

11.    On HPD's consent and approval, Owner Defendants agree to place Plaintiff Elizabeth Valdez at the top of the waiting list for the next available affordable 40% or 50% Area Median Income ("AMI") two-bedroom apartment at the subject property. Plaintiff acknowledges that she will need to verify her income eligibility for such unit at the time it becomes available. However, if necessary, and if Plaintiff would be income-eligible for a one-bedroom unit at the subject property at the time a unit becomes available, then HPD agrees to provide a reasonable accommodation waiving the minimum income requirement for a 2-bedroom 40% AMI or 50% AMI unit. HPD may not waive the maximum income requirement.

12.    HPD agrees to adopt and implement a policy and procedure for the Housing Lottery to handle all requests for reasonable accommodations of the Marketing Handbook's occupancy standards where an applicant seeks an additional bedroom due to a disability-related need.

13.    HPD agrees to revise the Marketing Handbook to reflect that for the housing lotteries that HPD monitors, HPD has responsibility for assessing requests for reasonable accommodations of occupancy standards for an additional bedroom due to a disability-related need. The updated Marketing Handbook will further note that if a reasonable accommodation of the occupancy standard is granted due to a disability-related need for an additional bedroom, HPD shall consider whether it is necessary or appropriate to waive the minimum income requirement for the larger unit. HPD may not waive the maximum income for the larger unit.

14.    HPD will designate an employee at the supervisory level to serve as its training coordinator under this Stipulation. The training coordinator will be responsible for ensuring that each new HPD employee hired during the term of this Stipulation with responsibility for evaluating and responding to a Housing Lottery applicant's request for a reasonable accommodation to waive the occupancy standards to allow for an additional bedroom because of a disability-related need shall be trained in accordance with Section VI of this Stipulation. The training coordinator is required to attend the training described in Section VI of this Stipulation. If the designated training coordinator leaves his/her employment with the HPD during the term of this Stipulation, HPD will appoint a new training coordinator. Within ninety (90) days of his/her appointment, the new designated training coordinator will receive training, as described in Section VI.

15.    HPD agrees to adopt and implement a plan to train all HPD employees with responsibility for evaluating and responding to a Housing Lottery applicant's request for a reasonable accommodation to waive the occupancy standards to allow for an additional bedroom because of a disability-related on the topics described in Section VI. This training will also be provided to all HPD employees who interact with affordable housing developers and their marketing agents in relation to HPD's monitoring of the Housing Lottery.

4

## SECTION VI
## MANDATORY TRAINING

16.    HPD will provide training on the following topics to all HPD employees assigned to evaluate requests for a reasonable accommodation for an additional bedroom due to a disability-related need in the Housing Lottery:

a.    HPD will process all requests for a reasonable accommodation of the occupancy standards seeking an additional bedroom due to a disability-related need;

b.    if a disabled applicant, or an applicant with a disabled household member, is deemed eligible for an affordable housing unit (the "standard-size unit") and has a disability-related need for an additional bedroom, upon demonstration of such need, such applicant may be provided a waiver of the occupancy standards to allow them to occupy an available affordable unit, at the same AMI as the standard-size unit, with an additional bedroom (the "larger unit");

c.    if an applicant receives a waiver of the occupancy standards due to a disability-related need, HPD shall consider whether it is necessary or appropriate to waive the minimum income requirement for the larger unit as part of the reasonable accommodation. HPD may not waive the maximum income for the larger unit.

17.    HPD will instruct all affordable housing developers and their marketing agents for projects that HPD monitors in the Housing Lottery to refer all requests for reasonable accommodation for an additional bedroom due to a disability-related need to HPD, and that HPD will determine whether a reasonable accommodation may be granted.

## SECTION VII
## MONETARY RELIEF

18.    In full and complete settlement and final satisfaction of any and all claims that were asserted or could have been asserted in this Action, the Defendants agree to pay Plaintiff the total sum of FORTY-THREE THOUSAND DOLLARS ($43,000) (the "Monetary Relief") which is inclusive of any damages and attorney's fees and costs and expenses related to this Action, as follows:

a.    Defendant City of New York, on behalf of itself and Defendant HPD, agrees to pay Plaintiff's attorney, James E. Bahamonde, the total sum of THIRTY-SEVEN THOUSAND DOLLARS ($37,000) ("City Payment").

b.    Owner Defendants agree to pay Plaintiff's attorney, James E. Bahamonde, the total sum of FIVE THOUSAND DOLLARS ($5,000) ("Owner Payment") within    90    days    of    the    execution    of    this    Stipulation.

5

c.     The Monetary Relief shall be made by delivering a check made payable to "James E. Bahamonde, PC, as attorney for Elizabeth Valdez" to Plaintiff's attorneys, the Law Offices of James E. Bahamonde, P.C., Attn: James E. Bahamonde, Esq., 2501 Jody Court, North Bellmore, New York 11710.

d.     Plaintiff and/or her counsel as appropriate shall execute and deliver all documents necessary to effectuate the City Payment including, without limitation: (i) a General Release in the form attached hereto as **Exhibit "A"**; (ii) an Affidavit of Status of Lien, in the form annexed hereto as **Exhibit "B"**; and (iii) an executed IRS Substitute Form W-9 for James E. Bahamonde, PC. Plaintiff's counsel shall deliver the documents listed paragraphs (i) through (iii) to the City Defendants' attorney by delivering (either by hand delivery or certified mail) at 100 Church Street, New York, New York 10007, Attn: Rachel Moston and by emailing a copy to City Defendant's undersigned counsel at msadok@law.nyc.gov.

e.     The City Payment shall be made within ninety (90) days of the Effective date and receipt of the required documents set forth in subparagraph d of this paragraph, whichever is later.

f.     James E. Bahamonde, PC shall receive an IRS Form 1099 with respect to the Settlement Payment.

g.     Plaintiff acknowledges and agrees that neither Defendants nor their counsel have made representations regarding the tax consequences of any amounts received pursuant to this Stipulation. Plaintiff agrees to pay all federal, state, and local taxes, and any other legal obligations, if any, which Plaintiff is required by law to pay with respect to the Monetary Relief. Plaintiff further agrees to defend, indemnify and hold Defendant Released Parties (as that term is defined in Exhibit A to this Stipulation) harmless from and against all additional taxes, interest and penalties for which she is responsible, including but not limited to any costs, including attorneys' fees, associated with the enforcement of this indemnification provision against her, should such enforcement measures become necessary.

19.     If the City Payment or Owner Payment are not paid timely, Plaintiff shall notify the respective Defendants' counsel via email. If the payment is not made, or a resolution is not reached between the Parties, within thirty business days of the date of such notice, then Plaintiff can use all legal avenues to enforce this Stipulation.

## SECTION VIII
## DISMISSAL WITH PREJUDICE

20.     This Action shall be dismissed with prejudice on the Effective date.

## SECTION IX
## RELEASES

21.      As a material inducement for Defendants to enter into this Stipulation, and in consideration of the terms of the Stipulation including the Monetary Relief, Plaintiff, for and on behalf of herself and her past, present, or future agents, heirs, executors, administrators and assigns, and all persons acting by, through, under or in concert with Plaintiff, as well as all affiliates and any other persons or entities over whom Plaintiff exercises direct or indirect control (collectively, the "Plaintiff Releasing Parties"), does hereby irrevocably and unconditionally release, acquit, waive and forever discharge Defendants and each of their past, present, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, managers, trustees, members, employees, shareholders, representatives, insurers, reinsurers, and attorneys, in their individual and representative capacities, (collectively, the "Defendant Released Parties"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expense, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs, of any nature whatsoever known or unknown, suspected or unsuspected that Plaintiff had, now has, or in the future may have that were asserted or could have been asserted in the Action and that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, excluding any claims to enforce Plaintiff's rights under this Stipulation. The release to each Defendant is an individual release. No breach of this Settlement Stipulation by a particular Defendant will have any impact on the release or obligations of any of the other Defendants.

22.      As a material inducement to City Defendants to enter into this Stipulation, and except as otherwise provided herein, the Owner Defendants, for and on behalf of themselves and each of their past, present, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, managers, trustees, members, employees, shareholders, representatives, insurers, reinsurers, and attorneys, in their individual and representative capacities, does hereby irrevocably and unconditionally release, acquit, waive and forever discharge City Defendants and each of their past, present, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, managers, trustees, members, employees, shareholders, representatives, insurers, reinsurers, and attorneys, in their individual and representative capacities, from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expense, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs, of any nature whatsoever known or unknown, suspected or unsuspected that the Owner Defendants had, now have, or in the future may have, against City Defendants regarding the allegations set forth in the Complaint from the beginning of the world up to the Execution Date, excluding any claims to enforce the Owner Defendants' rights under this Stipulation.

23.      As a material inducement to the Owner Defendants to enter into this Stipulation, and except as otherwise provided herein, City Defendants, for and on behalf of themselves and

each of their past, present, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, managers, trustees, members, employees, shareholders, representatives, insurers, reinsurers, and attorneys, in their individual and representative capacities, does hereby irrevocably and unconditionally release, acquit, waive and forever discharge the Owner Defendants and each of their past, present, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, managers, trustees, members, employees, shareholders, representatives, insurers, reinsurers, and attorneys, in their individual and representative capacities, from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expense, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs, of any nature whatsoever known or unknown, suspected or unsuspected the City Defendants had, now have, or in the future may have, against the Owner Defendants regarding the denial of Plaintiff's housing application at 55 Sutton Street New York, NY by Owner Defendants from the beginning of the world up to the Execution Date, excluding any claims to enforce the City Defendants' rights under this Stipulation.

## SECTION X
## NO ADMISSIONS/NO WAIVER

24.    Nothing contained herein shall be deemed to be an admission by the Parties that they have in any manner or way violated the other's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York.  The Parties have entered into this Stipulation solely for the purpose of avoiding the burdens and expense of protracted litigation.

25.    Failure to insist on compliance with any term, covenant or condition contained in this Stipulation shall not be deemed a waiver of that term, covenant, or condition. Nor shall any waiver or relinquishment of any right or power contained in this Stipulation at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time. The failure or delay by a Party to require performance of any provision hereof shall not affect that Party's right to require performance at any time thereafter, nor shall a waiver of any breach or default constitute a waiver of any subsequent default or a waiver of the provision itself or any other provision.

26.    This Stipulation shall not be used for any purpose, nor shall be admissible in any judicial or administrative proceeding of any kind, except by a Party to this Action to enforce this Stipulation.

## SECTION XI
## CONSTRUCTION AND SEVERABILITY

27.    If any provision in this Stipulation is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Stipulation will endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision will materially affect the intent of the Stipulation. The parties to this Stipulation will

consult and use their best efforts to agree upon a valid and enforceable provision that will be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Stipulation.

28.    This Stipulation may be executed in any number of counterparts and each such counterpart will be deemed to be an original. For purposes of executing this Stipulation, a document signed and transmitted by facsimile or email will be treated as an original document and have the same binding legal effect as an original signature on an original document.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.

9

*Elizabeth Valdez*

_____
Elizabeth Valdez

Date: January 30, 2026

_____
Go Broome LLC

By_____

Title: _____

Date: January____, 2026

_____
Gotham Real Estate Managers, LLC

By_____

Title: _____

Date: January____, 2026

**LAW OFFICES OF JAMES E. BAHAMONDE, PC**

*Attorney for Plaintiff Elizabeth Valdez*

_____
James E. Bahamonde
2501 Jody Ct.
North Bellmore, NY 11710
Tel: 646-290-8258
Email: james@civilrightsny.com

Dated: January 30 , 2026

**MURIEL GOODE-TRUFANT**
**CORPORATION COUNSEL OF THE CITY OF NEW YORK**

*Attorney for Defendants City of New York and Department of Housing Preservation and Development of the City of New York*

_____
By: Melanie V. Sadok  / Michelle Goldberg-Cahn
100 Church Street, 4th floor          Ass't Corporate Counsel
New York, NY 10007
Tel: 212-356-4371

10

_____

Elizabeth Valdez

Date: January_____, 2026


Go Broome LLC

By _David Picket_____

Title: _Authorized Signatory_____

Date: ~~January~~ 4, 2026
      February


Gotham Real Estate Managers, LLC

By _David Picket_____

Title: _Authorized Signatory_____

Date: ~~January~~ 4, 2026
      February


**LAW OFFICES OF JAMES E. BAHAMONDE, PC**

*Attorney for Plaintiff Elizabeth Valdez*

_____

James E. Bahamonde
2501 Jody Ct.
North Bellmore, NY 11710
Tel: 646-290-8258
Email: james@civilrightsny.com

Dated: January _____, 2026


**MURIEL GOODE-TRUFANT**
**CORPORATION COUNSEL OF THE CITY OF NEW YORK**

*Attorney for Defendants City of New York and Department of Housing Preservation and Development of the City of New York*

_____

By: Melanie V. Sadok
100 Church Street, 4th floor
New York, NY 10007
Tel: 212-356-4371

10

E-mail:  msadok@law.nyc.gov

Dated: ~~January~~ *Feb. 6*___ , 2026

**RIVKIN RADLER LLP**

*Attorney for Defendants Go Broome LLC and
Gotham Real Estate Managers LLC*

_____

Jonathan Bruno, Esq.
477 Madison Avenue, Suite 410
New York, NY 10022
Tel: 212-455-9555
Email: Jonathan.bruno@rivkin.com

Dated: January ___, 2026

It is so ORDERED this _____ day of _____, 2026.

_____

HON. KATHERINE P. FAILLA
UNITED STATES DISTRICT COURT JUDGE

11

E-mail:  msadok@law.nyc.gov

Dated: January____, 2026

**RIVKIN RADLER LLP**

*Attorney for Defendants Go Broome LLC and*
*Gotham Real Estate Managers LLC*

Jonathan Bruno, Esq.
477 Madison Avenue, Suite 410
New York, NY 10022
Tel: 212-455-9555
Email: Jonathan.bruno@rivkin.com

Dated: January ___, 2026

It is so ORDERED this _____ day of _____, 2026.

_____

HON. KATHERINE P. FAILLA
UNITED STATES DISTRICT COURT JUDGE

11

<u>Exhibit A</u>

### RELEASE

    **KNOW THAT I, ELIZABETH VALDEZ,** the Plaintiff in the action entitled *Valdez v. Go Broome LLC, et al,,* pending in the United States District Court for the Southern District of New York, Case No. *25-CV-960* (the "Action"), for and on behalf of herself and her past, present, or future agents, heirs, executors, administrators and assigns, and all persons acting by, through, under or in concert with Plaintiff, as well as all affiliates and any other persons or entities over whom Plaintiff exercises direct or indirect control (collectively, the "Plaintiff Releasing Parties") in consideration of the payment of THIRTY-SEVEN DOLLARS AND NO CENTS ($37,000.00) by the City of New York and the policy and practice changes by Defendants City of New York, and the New York City Department of Housing Preservation and Development ("HPD"), described in Sections V and VI of the Stipulation of Settlement and Dismissal dated January___, 2026, and the other terms and conditions thereof, does hereby irrevocably and unconditionally release, acquit, waive and forever discharge the City of New York and HPD and each of their past, present, and future owners, affiliates, related business entities, agencies, predecessors, successors, assigns, divisions, departments, directors, officers, managers, trustees, members, employees, representatives, agents, and attorneys, in their individual and representative capacities, (collectively, the "Defendant Released Parties"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expense, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees, costs and expenses, of any nature whatsoever known or unknown, suspected or unsuspected that Plaintiff had, now has, or in the future that were asserted or could have been asserted in the Action and that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, excluding any claims to enforce Plaintiff's rights under this Stipulation.

    This Release may not be changed orally.

    **THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

    **IN WITNESS THEREOF,** I have executed this Release this 3ʳᵈ day of February, 2026.

                                                         _____
                                                         ELIZABETH VALDEZ

STATE OF NEW YORK    )
                         :   SS.
COUNTY OF  NY      )

On this 3ʳᵈ day of February, 2026 before me personally came **ELIZABETH VALDEZ**, to me known, and known to me to be the individual described herein, or proved to me based upon sufficient documentation, and who executed the foregoing RELEASE.

_____
Notary Public

RICHARD M CHENG
Notary Public, State of New York
Reg. No. 01CH6130110
Qualified in Kings County
Commission Expires July 05, 20__

## Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ELIZABETH VALDEZ

                              Plaintiff,

GO BROOME LLC, GOTHAM REAL
ESTATEMANAGERS, LLC, CITY OF NEW
YORK, and DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT OF
THE CITY OF NEW YORK,

                            Defendants.

------------------------------------------------------------- x

**PLAINTIFF'S AFFIDAVIT OF
STATUS OF LIEN**


**25-CV-960 (KPF)(KHP)**

STATE OF NEW YORK      )
                           : SS.:
COUNTY OF _____   )

         **ELIZABETH VALDEZ**, being duly sworn, says:

| **SECTION I - Background Information (complete all items)** |
| --- |
| I am the plaintiff in the above-entitled action, and I reside at<br>  250 Clinton street apt 16B NY,10002                                  .<br><br>My date of birth is ▮▮▮▮▮ / _____.<br><br>☑    By checking this box I affirm that I am making this affidavit with full knowledge that the same will be relied upon by The City of New York, its agents, employees, and representatives in connection with settlement of this claim/action against them.<br><br>**(Check one of the boxes below)**<br>☑    My Social Security Number is _____.<br>☐    I have never applied for nor was ever issued a Social Security Number. |

**SECTION II – The City of New York Agencies or Departments (check one)**

☑       I am not indebted to any department or agency of The City of New York and there are no liens outstanding.

☐       I have unpaid liens, violations or other debts owed to a department and/or agency of The City of New York.  I expressly consent to the payment of those sums, or to the sums agreed upon by counsel, directly from the settlement proceeds.

*List all liens, violations and/or other debts by providing the name of each City agency (e.g. Department of Finance; Department of Sanitation; Environmental Control Board) and the outstanding sums due below:*

_____

_____

**SECTION III - Medicaid or Public Assistance (check one)**

☐       I have not received Medicaid or Public Assistance benefits.

☑       I have received Medicaid and/or Public Assistance benefits.  The Human Resources Administration, Department of Social Services of The City of New York ("HRA") has not issued any type of Notice of Lien.

## SECTION IV - Medicare (check one)

**Check one:**

☐       I am not a Medicare beneficiary.

☑       I am a Medicare beneficiary. My Medicare # (Health Identification Claim Number – HICN) is: _____. The alleged injuries sustained in this matter did not result from any physical injuries. I have not filed any claims for, nor do I require or seek, medical treatment related to the injuries sustained in this matter.

☐       I am a Medicare beneficiary. My Medicare # (Health Identification Claim Number – HICN) is: _____. The effective date of my Medicare coverage is _____. [Please provide a copy of your Medicare card]. I am aware of my obligation to reimburse my Medicare providers for any conditional payments made on my behalf that relate to the injury that is the subject of this lawsuit, as provided in the stipulation of settlement.

**Medicare beneficiaries, check all that apply:**

Since the date of the injuries alleged herein, I have been insured under traditional Medicare (known as Medicare Parts A and B). Medicare has confirmed that it will accept the total amount of $_____.00 as full and final reimbursement of all Medicare payments made to date. [Attach copy of Medicare final demand letter]. I consent to the payment of that sum directly from the settlement proceeds.

Since the date of the injuries alleged herein, I have been insured under a Medicare Replacement Policy (known as a Part C Medicare Advantage Plan). My Medicare Advantage provider, _____, Policy # _____, has confirmed that it will accept the total amount of $_____.00 as full and final reimbursement of all Medicare payments made to date [Attach copy of final demand letter and insurance card for each Medicare Advantage provider that has insured you since the date of injury claimed herein]. I consent to the payment of that sum directly from the settlement proceeds.

Since the date of the injuries alleged herein, I have been insured under a Medicare Part D prescription drug plan (PDP). My Part D prescription drug provider, _____, Policy # _____, has confirmed that it will accept the total amount of $_____.00 as full and final reimbursement of all Medicare prescription payments made to date. [Attach copy of final demand letter and insurance card for each Part D provider that has insured you since the date of injury claimed herein]. I expressly consent to the payment of that sum directly from the settlement proceeds.

## SECTION V - Child Support

☑        I am not in arrears in child support payments.

☐       I am in arrears in child support payments and expressly agree to the collection by the NYC Office of Child Support of all unpaid sums directly from the settlement proceeds.

**SECTION VI - New York City Public Hospitals (check one)**

☑    I am not indebted nor am I subject to liens by any City public hospital.

☐    † I am indebted to _____ [City hospital] in the total lien amount of $_____. I expressly consent to the payment of that sum directly from the settlement proceeds.

**SECTION VII - Workers' Compensation/Disability Benefits (check one)**

☑    I have not received Workers' Compensation or Disability Benefits and there are no liens for the same in this matter.

☐    I am indebted to _____ [for Workers' Compensation or Disability Benefits] in the total lien amount of $_____. I expressly consent to the payment of that sum directly from the settlement proceeds.

ELIZABETH VALDEZ

Sworn to before me this
3ʳᵈ day of February, 2026

NOTARY PUBLIC

RICHARD M CHENG
Notary Public, State of New York
Reg. No. 01CH6130119
Qualified in Kings County
Commission Expires July 05, 20__

Type text here